IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JAMES TURNER,

                Plaintiff,

    v.                                                                    OPINION & ORDER

PHILIPP HOECHST, MEREDITH MASHAK,                                    15-cv-23-jdp
CHARLES FACKTOR, CINDY O'DONNELL,
and RYAN BLOUNT,

            Defendants.[1]

---

Plaintiff James Turner, a prisoner in the custody of the Wisconsin Department of Corrections at the Columbia Correctional Institution, brings claims that defendant prison officials interfered with back and leg therapy ordered by a doctor. Defendants Ryan Blount, Cindy O'Donnell, and Charles Facktor, all of whom were alleged to have denied plaintiff's grievance about the cancellation of therapy, have filed a motion to dismiss plaintiff's claims against them, Dkt. 15. Plaintiff filed a motion to dismiss Blount from the case, Dkt. 19, but in opposing defendants' motion to dismiss, he clarifies that he mistakenly alleged that Blount had participated in reviewing his grievances, and would like to substitute previously dismissed defendant Lucas Wogernese for Blount, Dkt. 24. Plaintiff has also filed a motion for appointment of counsel, Dkt. 26.

A.  **Motion to dismiss**

Defendants Blount, O'Donnell, and Facktor contend that plaintiff's claims against them should be dismissed because grievance examiners cannot be held liable for their

---

[1] I have amended the caption to reflect plaintiff's identification of the John Doe defendant in his original complaint as Philipp Hoechst. *See* Dkt. 27 & 28.

decisions to deny plaintiff's grievance about the cancellation of his therapy. Because I have already screened plaintiff's complaint and allowed him to proceed with claims against these defendants, their motion is essentially one for reconsideration of the July 6, 2015, screening order. Dkt. 10. Defendants fail to persuade me that I was incorrect in allowing plaintiff to proceed on these claims.

In the screening order, I stated, "I understand plaintiff to be saying that the therapy was cancelled because plaintiff failed to show up to an August 2014 therapy appointment, but plaintiff missed the appointment through no fault of his own, because he did not receive a pass to go to the appointment." Dkt. 10, at 2. I infer that plaintiff's theory is that each of the examiners denied his grievance despite knowing that he missed the appointment through no fault of his own.[2]

Defendants argue that the grievance examiners cannot be held liable under the Eighth Amendment for their actions because plaintiff "does not allege that [defendants] failed to implement their duties as part of the grievance process . . . . [or] had direct involvement in the cancellation of his therapy." Dkt. 16, at 6. They rely on *Burks v. Raemisch*, 555 F.3d 592 (7th Cir. 2009), and *George v. Smith*, 507 F.3d 605 (7th Cir. 2007). In *Burks*, the Seventh Circuit stated:

> The Governor, and for that matter the Superintendent of Prisons and the Warden of each prison, is entitled to relegate to the prison's medical staff the provision of good medical care. That is equally true for an inmate complaint examiner.

---

[2] Plaintiff has submitted the examiners' responses to his grievance and appeals, but he does not include the grievance or appeals themselves, so it is unclear what arguments he made to defendants. In any event, defendants have filed a motion to dismiss, not a motion for summary judgment, so I will not consider these documents.

One can imagine a complaint examiner doing her appointed tasks with deliberate indifference to the risks imposed on prisoners. If, for example, a complaint examiner routinely sent each grievance to the shredder without reading it, that might be a ground of liability. Or a complaint examiner who intervened to prevent the medical unit from delivering needed care might be thought liable. But Burks has not accused Salinas of refusing to do her job and of leaving the prisoners to face risks that could be averted by faithful implementation of the grievance machinery. He contends, instead, that Salinas should be held liable because she carried out her job exactly as she was supposed to. Burks does not contend that a 14-day time limit is unconstitutionally short—and, even if it were, a complaint examiner who applied the limit before a court declared it invalid would be entitled to qualified immunity from damages.

555 F.3d at 595 (citations omitted). In *George*, the court stated:

Only persons who cause or participate in the violations are responsible. Ruling against a prisoner on an administrative complaint does not cause or contribute to the violation. A guard who stands and watches while another guard beats a prisoner violates the Constitution; a guard who rejects an administrative complaint about a completed act of misconduct does not.

507 F.3d at 609-10 (citations omitted).

At least at this early stage of the proceedings, neither of these cases forecloses plaintiff's claims against the examiner defendants. In *Burks,* the court concluded that the examiner's rejection of a grievance as time-barred under the grievance rules did not show deliberate indifference. 555 F.3d at 594-95. In *George,* the court made clear that a grievance examiner cannot violate the constitution by denying a complaint about a completed act of harm. This makes sense because the examiner could take no action to undo the harm done to the prisoner. Any broader reading of *George*'s statement that "[r]uling . . . on an administrative complaint does not cause or contribute to the violation," 507 F.3d at 609, would seem to conflict with *Burks*, which allows for the possibility of a deliberate indifference claim being brought against a grievance examiner.

3

Here, plaintiff's grievance and appeals were not denied on procedural grounds, and it appears that the examiners could have undone the harm to plaintiff by reinstating his therapy. If they acted with deliberate indifference in denying plaintiff's grievance, they could have violated the Eighth Amendment. Therefore, I will deny defendants' motion to dismiss.

This does not mean that it will be easy for plaintiff to prove these claims. At summary judgment or trial, plaintiff will have to present evidence showing that defendants acted with deliberate indifference, not merely that they denied his grievance after considering his request.

**B. Motion to amend the complaint**

Because I am denying defendants' motion to dismiss, I will consider plaintiff's motion to remove defendant Blount and replace him with previously dismissed defendant Wogernese. I construe this as a motion to amend the complaint. Under Federal Rule of Civil Procedure 15(a)(2), I "should freely give leave [to amend the complaint] when justice so requires." There is no reason to think that defendants would be prejudiced by the substitution, so I will grant plaintiff's request. Plaintiff's previous motion to dismiss defendant Blount will be denied as moot.

**C. Motion for appointment of counsel**

Plaintiff has filed a motion for appointment of counsel, Dkt. 26. I do not have the authority to appoint counsel to represent a pro se plaintiff in this type of a case; I can only recruit counsel who may be willing to serve voluntarily in that capacity.

To show that it is appropriate for the court to recruit counsel, plaintiff must first show that he has made reasonable efforts to locate an attorney on his own. *See Jackson v. Cnty. of McLean*, 953 F.2d 1070, 1072-73 (7th Cir. 1992) ("the district judge must first determine if

the indigent has made reasonable efforts to retain counsel and was unsuccessful or that the indigent was effectively precluded from making such efforts"). To meet this threshold requirement, this court generally requires plaintiffs to submit correspondence from at least three attorneys to whom they have written and who have refused to take the case. Plaintiff has submitted two rejection letters and states that he has contacted at least two other lawyers who have not responded. I conclude that plaintiff has satisfied this requirement.

Second, this court will seek to recruit counsel for a pro se litigant only when the litigant demonstrates that his case is one of those relatively few in which it appears from the record that the legal and factual difficulty of the case exceeds his ability to prosecute it. *Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007). Plaintiff argues that this case involves complex issues and that he has "very low achievement scores which raise some question as to his mental ability." Dkt. 26, at 1.

I am not convinced that recruitment of counsel is appropriate at this time. Plaintiff does not include with his motion any documentation supporting his statement about his mental abilities. Nor is it clear that this case will present the type of complex medical issues often involved in cases in which counsel is recruited. At this point, it seems likely that the case will come down to facts about why plaintiff failed to appear for therapy, and what defendants knew about his failure to appear. I will deny plaintiff's motion without prejudice to him renewing it later in the case if it becomes clear that the case is too complex for him to litigate. If plaintiff ends up filing a renewed motion later in this litigation, he should submit records supporting his statement about his mental abilities.

ORDER

IT IS ORDERED that:

1. Defendants Ryan Blount, Cindy O'Donnell, and Charles Facktor's motion to dismiss the claims against them, Dkt. 15, is DENIED.

2. Plaintiff James Turner's motion to amend the complaint to replace defendant Blount with Lucas Wogernese, Dkt. 24, is GRANTED. Blount is DISMISSED from the case.

3. Plaintiff's previous motion to dismiss defendant Blount, Dkt. 19, is DENIED as moot.

4. Plaintiff's motion for recruitment of counsel, Dkt. 26, is DENIED without prejudice.

Entered February 5, 2016.

BY THE COURT:

/s/

_____

JAMES D. PETERSON
District Judge